# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FORESIGHT FUND MANAGERS LTD.,
   c/o Foresight Group LLP
   The Shard
   32 London Bridge Street
   London SE1 9SG
   United Kingdom

                *Petitioner*,

v.

THE KINGDOM OF SPAIN,
   Abogacía General del Estado
   Calle Ayala, 5
   28001 Madrid
   Kingdom of Spain

                *Respondent*.

Case No. _____

## PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Petitioner Foresight Fund Managers Ltd. ("Foresight Fund"), by and through its undersigned counsel, hereby petitions this Court for an order pursuant to 9 U.S.C. § 207: (i) confirming, recognizing and enforcing the final arbitral award (the "Award") rendered by an arbitral tribunal (the "Tribunal") on October 24, 2022 in an arbitration between Triodos SICAV II ("Triodos") and Respondent the Kingdom of Spain ("Spain") pursuant to the Rules of Arbitration of the Arbitration Institute of the Stockholm Chamber of Commerce (the "SCC Arbitration Rules");[1] (ii) entering judgment in Foresight Fund's favor against Spain in the amount of the Award with pre- and post-award interest and costs as provided therein; and (iii) awarding Foresight

---

[1] A true and correct copy of the Award is attached as Exhibit 1 to the Declaration of Thomas C.C. Childs, dated October 23, 2025 (the "Childs Decl.").

Fund such other and further relief as this Court deems just and proper. On September 30, 2025, Triodos assigned all of its rights under the Award to Foresight Fund.[2]

This Petition is supported by Petitioner's Memorandum of Points and Authorities in Support of Its Petition to Confirm Foreign Arbitral Award, the declaration of Thomas C.C. Childs and the exhibits thereto, and the expert declaration of Professor Piet Eeckhout and the exhibits thereto.

## Parties, Jurisdiction and Venue

1.       Foresight Fund brings this proceeding under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention") and Chapter 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201 *et seq.*, to confirm, recognize and enforce the Award, which was issued in Triodos's favor and against Spain.

2.       Foresight Fund is a private limited company incorporated under English law, having its registered office at c/o Foresight Group LLP, The Shard, 32 London Bridge Street, London SE1 9SG, United Kingdom.

3.       As noted above, Foresight Fund is the assignee of Triodos's rights under the Award. *See* Deed of Assignment, at 5 (Ex. 2). Triodos is a public limited liability company incorporated under the laws of Luxembourg. *Id.* at 3; Award ¶ 3 (Ex. 1).

4.       Spain is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), 1602-1611.

5.       This Court has subject matter jurisdiction over this proceeding pursuant to 28

---

[2]       A true and correct copy of the Deed of Assignment dated September 30, 2025 between Triodos and Foresight Fund is attached as Exhibit 2 to the Childs Decl.

U.S.C. § 1330(a), because this is a "nonjury civil action against a foreign state . . . as to [a] claim for relief in personam with respect to which the foreign state is not entitled to immunity" under the FSIA. This case falls within the FSIA's exception to foreign sovereign immunity for cases brought against a foreign state to confirm an arbitration award that "is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards." 28 U.S.C. § 1605(a)(6). This case also falls within the FSIA's exception to foreign sovereign immunity for cases in which a foreign state has waived its immunity either explicitly or by implication. 28 U.S.C. § 1605(a)(1).

6. Personal jurisdiction over Spain exists under 28 U.S.C. § 1330(b), which provides that this Court may exercise personal jurisdiction over a foreign state as to every claim for relief over which the Court has subject matter jurisdiction, provided that service has been made in accordance with 28 U.S.C. § 1608.

7. Venue is proper in this Court pursuant 28 U.S.C. § 1391(f)(4), which provides that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

**Summary of the Dispute Underlying the Award**

8. The dispute underlying the Award arose out of Spain's violations of the Energy Charter Treaty ("ECT")[3] with respect to Triodos's investments in the renewable energy sector in Spain. *See* Award ¶¶ 1-2, 164 (Ex. 1 to Childs Decl.).

9. In 2007 and 2008, Spain enacted legislation with the goal of attracting private investment in renewable energy production, including photovoltaic ("PV") facilities, within its territory. *Id.* ¶¶ 118-127, 147-161. Between April 2008 and May 2010, Triodos invested in four

---

[3] A true and correct copy of the ECT is attached as Exhibit 3 to the Childs Decl.

3

PV projects in Spain in reliance on the financial incentives and inducements provided by this legislation. *Id.* ¶¶ 164-169.

11. 10. Form November 2010 through mid-2014, Spain enacted laws retrenching on, and eventually revoking, the economic incentives on which Triodos had relied in investing in the PV projects. *Id.* ¶¶ 128-129, 180-198. These new laws reduced the fair market value of Triodos's investments. *See id.* ¶¶ 786-794.

11. Triodos's investments in the PV projects were protected by the ECT, a multilateral treaty that obligates each Contracting Party to protect investments made by investors of the other Contracting Parties within its territory. *See* ECT, Arts. 10-17 (Ex. 3 to Childs Decl.).

12. Spain and Luxembourg signed the ECT on December 17, 1994, and they both ratified it during 1997. The ECT entered into force for Spain and Luxembourg on April 16, 1998.

## The Arbitration Agreement

13. The arbitration agreement between Triodos and Spain consists of two elements: (i) Spain's consent contained in Article 26(3) of the ECT; and (ii) Triodos's consent contained in its Request for Arbitration.

### A. Spain's Consent to Arbitrate

14. Spain consented to arbitrate its dispute with Triodos through its accession to the ECT. Article 26 of the ECT, entitled "Settlement of Disputes between an Investor and a Contracting Party," memorializes Spain's "unconditional consent" to arbitration of claims brought against it by an investor of another Contracting Party. It provides as follows in sub-paragraph (3)(a):

> Subject only to subparagraphs (b) and (c), each Contracting Party hereby gives its unconditional consent to the submission of a dispute to international arbitration or conciliation in accordance with the provisions of this Article.

4

ECT, Art. 26(3)(a) (Ex. 3 to Childs Decl.).

15. Subparagraphs (b) and (c) of Article 26(3) do not apply to this dispute. Accordingly, Spain provided its written consent to arbitrate its dispute with Triodos in Article 26(3) of the ECT.

### B. Triodos's Consent to Arbitrate

16. As a public limited liability company incorporated under the laws of Luxembourg, Triodos is an "Investor" of Luxembourg within the meaning of Article 1(7)(a)(ii) of the ECT.[4] As an "Investor" under this article, Triodos properly submitted its investment-based claims against Spain to arbitration in accordance with the ECT.

17. Articles 26(2)(c) and 26(4)(c) of the ECT provide that an Investor may elect to submit a dispute for resolution through arbitration administered by the Arbitration Institute of the Stockholm Chamber of Commerce. The Investor is required to provide its consent in writing.[5]

18. Triodos provided its written consent to arbitration of its dispute with Spain in paragraph 65 of its Request for Arbitration dated December 21, 2017, as follows:

> Claimant hereby confirms its consent to arbitration under the ECT and submits this dispute to the Arbitration Institute of the Stockholm Chamber of Commerce in accordance with Article 26(4)(c) of the ECT.

Request for Arbitration, ¶ 65 (Ex. 11 to Childs Decl.).[6]

---

[4] Article 1(7) of the ECT provides, in pertinent part, that an "Investor" means "with respect to a Contracting Party," "(i) a natural person having the citizenship or nationality of or who is permanently residing in that Contracting Party in accordance with its applicable law," or "(ii) a company or other organization organized in accordance with the law applicable in that Contracting Party." ECT, Art. 1(7) (Ex. 3 to Childs Decl.).

[5] *See* ECT, Article 26(4)(c) (Ex. 3 to Childs Decl.) ("In the event that an Investor chooses to submit the dispute for resolution under subparagraph (2)(c), the Investor shall further provide its consent in writing for the dispute to be submitted to . . . an arbitral proceeding under the Arbitration Institute of the Stockholm Chamber of Commerce.").

[6] A true and correct copy of the Request for Arbitration, dated December 21, 2017, is attached as Exhibit 11 to the Childs Decl.

**The Arbitration**

19.  Triodos commenced the arbitration at issue herein by serving a Request for Arbitration on Spain on December 21, 2017. *See* Request for Arbitration (Ex. 11 to Childs Decl.). The Request for Arbitration invoked Article 26(4)(c) of the ECT. *Id.* ¶ 65.

20.  The arbitration was seated in Stockholm, Sweden and proceeded in accordance with the SCC Arbitration Rules, as provided by the ECT. Award ¶ 23 (Ex. 1 to Childs Decl.). The selection of the Tribunal was completed on April 24, 2018. *Id.* ¶ 17. The Tribunal consisted of Mr. Alejandro A. Escobar (Chairperson, appointed by the Parties via a list procedure), Mr. Oscar M. Garibaldi (appointed by Triodos), and Mr. Christophe Bondy (appointed by Respondent). *Id.* ¶¶ 11, 16-17.

21.  Spain was represented in the arbitration by the State Attorney General's Office (*Abogacía General del Estado-Dirección del Servicio Jurídico del Estado*). *Id.*, cover sheet. Spain fully participated in the arbitration, including submitting an Answer, a Counter-Memorial on the Merits and Memorial on Jurisdictional Objections, a Rejoinder on the Merits and Reply on Jurisdictional Objections, as well as witness statements and expert reports. *See id.* ¶¶ 10, 52, 58.

22.  In the arbitration, Spain objected to the Tribunal's jurisdiction on the ground (*inter alia*) that the Tribunal lacked jurisdiction to hear the dispute because the arbitration provision in Article 26 of the ECT does not apply to disputes between an investor of a European Union ("EU") Member State and another EU Member State regarding an investment in the latter Member State. *Id.* ¶¶ 203-205. This objection is commonly referred to as the "intra-EU objection."

23.  From May 3 to 7, 2021, the Tribunal conducted a virtual hearing on jurisdiction and the merits, in which both parties participated, presented witnesses and experts for examination, and were represented by their respective counsel. *Id.* ¶¶ 94-96.

### The Award

24. On October 24, 2022, the Tribunal issued the Award, which was unanimous. *See id.* at 181-182.

25. In the Award, the Tribunal rejected Spain's intra-EU objection, concluding that "[u]nder ECT Article 26(3), Respondent tendered its '*unconditional consent*' to refer to international arbitration the disputes that fall within the scope of that provision, which include disputes between an investor incorporated in an EU Member State such as the Claimant, and another EU Member State such as the Respondent." *Id.* ¶¶ 350, 357.

26. Regarding the merits, the Tribunal held that Spain breached its obligation under Article 10(1) of the ECT to accord fair and equitable treatment to Triodos's investments by abrogating the incentives regime that Triodos had relied upon when making the investments. *Id.* ¶¶ 714, 723. The Tribunal ordered Spain to pay Triodos €10.4 million as compensation for its breach of Article 10(1) of the ECT, plus pre-award interest on that amount at a rate of 1%, compounded annually from July 1, 2019, until the date of the Award. *Id.* ¶ 824(a), (b). The Tribunal further ordered Spain to pay Triodos: (i) €53,201.25 on account of the costs of the arbitration, plus 25% VAT if applicable; (ii) €2,500,000.00 on account of Triodos's legal and other costs; and (iii) interest on all of the amounts due under the Award "at the yield rate for the Spanish government three-year bond as reported by the European Central Bank on the first day of each month (currently at 2.6%), from the date of this Final Award, compounded every six months until full and final payment." *Id.* ¶ 824(c), (d), (e).

### The Swedish Set-Aside Proceedings

27. On March 27, 2024, the Svea Court of Appeal in Sweden (the "Svea Court") issued a decision granting Spain's application to set aside the Award. Svea Court Decision (Ex. 17 to

Childs Decl.). The Svea Court concluded that the Award was "invalid" under Section 33(2) of the Swedish Arbitration Act, because "the manner in which it was made is clearly incompatible with the fundamentals of the legal order in Sweden." *Id.* at 9-11. The Svea Court explained that, under the decision of the Court of Justice of the European Union in *Republic of Moldova v. Komstroy LLC*, "Article 26.2.c) of the Energy Charter Treaty should be interpreted as not applying to disputes between a Member State and an investor from another Member State concerning an investment made by the latter in the former Member State." *Id.* at 11.

28. As explained in Petitioner's accompanying memorandum of points and authorities in support of this Petition, this Court should confirm the Award notwithstanding the Svea Court's decision setting it aside, because the Svea Court's decision and the proceedings that led to it are "repugnant to fundamental notions of what is decent and just" in this country. *See, e.g.*, *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 938 (D.C. Cir. 2007); *Getma Int'l v. Republic of Guinea*, 862 F.3d 45, 48 (D.C. Cir. 2017); *Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 97 (2d Cir. 2016).

## Cause of Action

29. Foresight Fund repeats and realleges the allegations in paragraphs 1 through 28 as if set forth fully herein.

30. The arbitration agreement set forth herein at paragraphs 13 through 18 constitutes "an agreement in writing" within the meaning of Article II(2) of the New York Convention.[7]

31. The Award arose out of a legal relationship that is commercial within the meaning

---

[7] *See* ECT, Art. 26(5)(a)(ii) ("The consent given in paragraph (3) together with the written consent of the Investor given pursuant to paragraph (4) shall be considered to satisfy the requirement for . . . an 'agreement in writing' for the purpose of article II of the [New York Convention].") (Ex. 3 to Childs Decl.).

of 9 U.S.C. § 202.

32. The Award was made in Sweden, a nation that is a signatory to the New York Convention, and which is a State other than the State where recognition and enforcement is sought hereby.

33. Luxembourg and Spain are also each signatories to the New York Convention.

34. The Award is final and binding within the meaning of the New York Convention and Chapter 2 of the FAA.

35. The Award should be recognized, and judgment entered thereon, pursuant to the New York Convention and 9 U.S.C. § 207.

WHEREFORE, Foresight Fund respectfully requests that the Court enter an order and judgment:

(a) Confirming, recognizing, and enforcing the Award, including the pecuniary obligations imposed by the Award;

(b) Entering judgment in Foresight Fund's favor and against Spain in the amounts and currency denominations specified in the Award, including the principal amount of €10,400,000, arbitration costs of €53,201.25, legal costs of €2,500,000, and pre-award and post-award interest as ordered by the Tribunal;

(c) Ordering Spain to pay Foresight Fund post-judgment interest from the date of judgment until full payment has been made; and

(c) Awarding such other and further relief as may be proper.

Dated: New York, New York
October 23, 2025

                                      Respectfully submitted,

                                        /s/ Thomas C.C. Childs

9

Thomas C.C. Childs (NY0449)
Camilla Akbari (*pro hac vice* forthcoming)
KING & SPALDING LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 556-2200
Fax: (212) 556 -2222
tchilds@kslaw.com
cakbari@kslaw.com

*Attorneys for Petitioner Foresight Fund Managers Ltd.*